UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 06-33-DLB

JOSHUA SLONE                                                            PLAINTIFF

vs.                        MEMORANDUM OPINION & ORDER

MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

* * * * * * * * * * * * *

        Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review

of an administrative decision of the Commissioner of Social Security.  The Court, having

reviewed the record, will affirm the Commissioner's decision, as it is supported by

substantial evidence.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        Plaintiff Joshua Slone filed his application for Supplemental Security Income (SSI)

on December 20, 2002.[1] (Tr. 270-73) Plaintiff alleges he became unable to work on

November 14, 2002, due to dyslexia, learning disabilities, underactive thyroid gland, and

depression. (Id.)  The claim was denied initially and on reconsideration. (Tr. 253-56, 258-

_____

        [1]Plaintiff had filed a prior application for SSI on March 17, 1983, under applicable childhood
disability regulations.  (Tr. 17).   He was awarded benefits with an established onset date of March
1, 1983.  (Tr. 17).  Upon attaining the age of 18, the claimant was reconsidered for benefits under
the applicable adult disability regulations at which point he was found not to be disabled on May 23,
2000. (Tr. 17)  The claim was denied on reconsideration, and a request for a hearing before an
administrative law judge (ALJ) was timely filed.  (Tr. 17).  The hearing took place on July 16, 2002,
in Hazard, Kentucky.  The ALJ's written decision of November 13, 2002, denied Plaintiff's claim for
SSI payments. (Tr. 17).  The Appeals Council denied further review on February 26, 2003 (tr. 17),
with no further appeal being taken.

60)  At Plaintiff's request, an administrative hearing was conducted on February 7, 2005,

by Administrative Law Judge (ALJ) Andrew J. Chwalibog. (Tr. 264, 538-60)  On May 25,

2005, the ALJ ruled that Plaintiff was not disabled and therefore not entitled to SSI

payments. (Tr. 17-25) This decision became the final decision of the Commissioner when

the Appeals Council denied review on December 8, 2005. (Tr. 7-9)

On February 3, 2006, Plaintiff filed the instant action.  The matter has culminated in

cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether

it is supported by substantial evidence and was made pursuant to proper legal standards.

*See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994).

"Substantial evidence" is defined as "more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve

conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to

affirm the Commissioner's decision, provided it is supported by substantial evidence, even

if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203

F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers

whether the claimant is still performing substantial gainful activity; Step 2, whether any of

the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal

a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past

-2-

relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Secretary of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability. (Tr. 18, 24) At Step 2, the ALJ found that Plaintiff's musculoskeletal impairment due to obesity, visual impairment, borderline intellectual functioning, learning disorders, and depression to be severe within the meaning of the regulations.  *See* 20 C.F.R. § 416.920(c). (Tr. 19, 24) At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4. (Tr. 19, 24)

At Step 4, the ALJ found that Plaintiff retains the residual functional capacity (RFC) to perform light work; that is, lifting and/or carrying up to but no more than 20 pounds occasionally and 10 pounds frequently.  He further determined that Plaintiff should never climb ladders or scaffolds and should only occasionally climb stairs/ramps, balance, stoop, kneel, crouch, and crawl; should avoid unprotected heights and moving machinery and should avoid temperature extremes, chemicals, dust, fumes, pulmonary irritants, and excessive humidity.  The ALJ also found that, due to his visual impairment, Plaintiff should not be required to perform fine, detailed manipulation tasks requiring 20/20 vision.  As for limitations resulting from Plaintiff's mental impairments, the ALJ found that

He is "moderately" limited in the ability to carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in the work setting. He retains adequate mental capacity to understand, remember, and persist at simple tasks with limited public contact and to adapt to routine changes. He should not engage in work that involves written instructions, and should have only verbal or hands on training.

(Tr. 24-25)

The ALJ determined that Plaintiff lacked any relevant work experience; therefore, whether Plaintiff had the ability to return to past relevant work was not in issue. (Tr. 23) Accordingly, the ALJ proceeded to the final step of the sequential evaluation.

At Step 5, the ALJ found that there were a significant number of jobs available to Plaintiff in the national and regional economies, despite his limitations. (Tr. 23-24) This conclusion resulted from testimony by a vocational expert (VE), in response to a hypothetical question assuming an individual of Plaintiff's age (23 at the time of decision and so a "younger" individual), education (high school in special education and dyslexic), past relevant work experience (no transferable skills or not in issue), and RFC. (Tr. 557) The VE testified that Plaintiff could obtain employment at the light exertional level as a hand packer or material handler; and at the sedentary exertional level as a hand packer or Xerox machine feeder. (Tr. 558) Since these were positions of significant number in both the regional and national economies, the ALJ concluded Plaintiff was not disabled under the Social Security Act. (Tr. 25)

### C.    Analysis

Plaintiff raises one challenge in his appeal. He maintains that the ALJ's decision

-4-

was not supported by substantial evidence because the ALJ's adverse credibility finding was premised on an improper foundation.   Specifically, Plaintiff argues that the ALJ impermissibly considered in his credibility assessment the fact that members of his family receive disability benefits.   The ALJ's decision reads,

> The overall record does not reflect debilitating symptomatology and there is previous reference to exaggerations and misrepresentations by both the claimant and his mother, in addition to motives for secondary gain, as it appears that numerous family members receive disability benefits, and the claimant himself has received benefits previously.

(Tr. 21)

In evaluating a claimant's allegations, an ALJ may properly consider the credibility of the claimant.  *See Kirk v. Sec'y of Health & Human Servs,* 667 F.2d 524, 538 (6th Cir. 1981); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997).  An ALJ's findings with respect to the credibility of a claimant are afforded substantial deference, particularly because an ALJ is charged with the duty of observing a witness's demeanor and credibility. *See Villarreal v. Sec'y of Health & Human Servs.,* 818 F.2d 461, 463 (6th Cir. 1987); *Siterlet v. Sec'y of Health & Human Servs.,* 823 F.2d 918, 920 (6th Cir. 1987); *Houston v. Sec'y of Health & Human Servs.,* 736 F.2d 365, 367 (6th Cir. 1984).   Nevertheless, despite the properly afforded deference, an ALJ's credibility findings must be supported by substantial evidence in the record.   *Walters,* 127 F.3d at 531; *see also Beavers v. Sec'y of Health, Educ. & Welfare,* 577 F.2d 383, 386-87 (6th Cir. 1978).

In judging the appropriateness of the ALJ's comment on Plaintiff's motivation or intent in conjunction with assessing credibility, the case law suggests the propriety of such comments depends, of course, upon the case circumstances.   In other words, is the comment an isolated one without evidentiary support, or is it part of the ALJ's overall

assessment of credibility, supported by substantial evidence.  In this regard, and while not

binding authority, the Court finds the Eighth Circuit's discussion in *Ramirez v. Barnhart,* 292

F.3d 576 (8th Cir. 2002) helpful guidance on this question.

> [A]lthough this court has recognized that an ALJ may consider a claimant's
> financial motivation to qualify for benefits while assessing the credibility of a
> claimant's subjective pain complaints, ... he does not suggest that such
> motivation should be dispositive, because all disability claimants are
> financially motivated to some extent.  *See, e.g., Fox v. Apfel,* 980 F. Supp.
> 312, 317 (S.D. Iowa 1997) ("in the opinion of this Court, the case at bar does
> not turn on whether or not Plaintiff is [financially] motivated to qualify for
> benefits.  Were Plaintiff not motivated to qualify for benefits, she probably
> would not have made an application.").   Rather, a claimant's financial
> motivation may contribute to an adverse credibility determination when other
> factors cast doubt upon the claimant's credibility.  *See Banks v. Massanari,*
> 258 F.3d 820, 833 (8th Cir. 2001)(Heaney, J., dissenting)("in *Dodd v.
> Sullivan,* the court was simply stating that *one* of the reasons the ALJ found
> Dodd's subjective complaints of pain not credible was because he appeared
> to be financially motivated to qualify for disability benefits, and there was
> some evidence of malingering, given the lack of medical documentation for
> his claim." (emphasis added)(citation omitted)).   In the present case,
> Claimant's financial motivation to qualify for benefits is only one part of the
> credibility determination, considered in conjunction with the opinions of
> Claimant's doctors questioning the extent of her actual pain as well as her
> ability to work in light of the amount of pain they observed and credited.

*Id.* at 582 n.4.  Thus, statements of such nature should be viewed in the context of the

ALJ's overall assessment.

Such view is also supported in this Circuit.  A plaintiff's motivation is not an

inappropriate consideration when judging credibility.  *See Atterberry v. Sec'y of Health &

Human Servs.,* 871 F.2d 567, 571 (6th Cir. 1989)("the claimant's allegations of his

symptoms must be evaluated with due consideration to credibility, motivation, and medical

evidence of impairment").  Moreover, an ALJ's notation that a claimant may be motivated

by secondary gain to exaggerate, when there is expert evidence suggesting such, is also

reasonable to consider in reviewing credibility.  *See Hunt v. Comm'r of Soc. Sec.,* 168 F.3d

489, 1998 WL 791806, at *2 (6th Cir.)(unpublished table decision); *Mills v. Sec'y of Health & Human Servs.,* 880 F.2d 1321, 1989 WL 83200, at *2-3 (6th Cir.)(unpublished table decision). Even when the appellate court might be inclined to view credibility differently, "'[s]ince the ALJ had the opportunity to observe the demeanor of [the witness], his conclusions with respect to credibility 'should not be discarded lightly.'" *Blackburn v. Sec'y of Health & Human Servs.,* 996 F.2d 1214, 1993 WL 210714, at *6 (6th Cir.)(unpublished table decision)(quoting *Houston v. Sec'y of Health & Human Servs.,* 736 F.2d 365, 367 (6th Cir. 1984)). But the overall credibility assessment must still be supported by substantial evidence. *See Weed v. Sec'y of Health & Human Servs.,* 23 F.3d 409, 1994 WL 162617, at *1-2 (6th Cir.)(unpublished table decision)(reversing and remanding where, among other errors, the court found no evidence to support statement that claimant receives workers compensation benefits and is not motivated to work at an entry level, unskilled job).

Plaintiff cites to *Taylor v. Apfel,* 100 F. Supp. 2d 451 (E.D. Mich. 1999) as persuasive authority in support of his appeal. The district court there condemned the ALJ's "reliance on Plaintiff's receipt of ADC and Social Security benefits for one of her children and her poor work record to conclude that Plaintiff is unmotivated to work." *Id.* at 454. *Taylor* is not persuasive here, because the circumstances prompting the court's condemnation in *Taylor* differ from the circumstances at hand. In *Taylor,* the proof of the plaintiff's disability was strong and evidence to the contrary lacking, a fact conceded by the Commissioner, who sought remand for purposes of taking further evidence rather than an outright award of benefits. Itemizing the strong evidence that plaintiff was indeed significantly limited in her functional abilities, the district court pointed out the circular logic of "[r]elying on [p]laintiff's inability to work to conclude that she is ill motivated" as "hardly

-7-

justified without substantial evidence that [p]laintiff does not really suffer from a disabling seizure disorder." *Id.*

In the case at bar, the ALJ's determination of non-disability, including the credibility assessment in the course thereof, is supported by substantial evidence. The decision reflects a thoughtful and fair analysis of the evidence before him. Though there was little medical evidence of chronic physical problems, the ALJ nevertheless credited that Plaintiff's obesity would give rise to functional limitations. Plaintiff's focus in the case was primarily on his intellectual and behavioral conditions. But the ALJ found Plaintiff's credibility in relating his limitations and problems from these conditions to be poor. And unlike in *Taylor,* the basis here for discrediting Plaintiff's testimony in this regard is substantiated in the record.

As the ALJ noted, the record does not show substantial medical evidence of Plaintiff's alleged "out of control behavior." (Tr. 21) Dr. Christopher Catt's psychological evaluation in October, 2003 indicated that Plaintiff had not received outpatient psychiatric treatment for this alleged behavior. (Tr. 391) In his report, Dr. Catt suspected that Plaintiff had learning disabilities as well as high borderline intellectual functioning problems. (Tr. 393-94) However, he indicated that Plaintiff had the capacity to understand instructions for simple, repetitive tasks and should be restricted to low-stress jobs. (Tr. 394) He also noted that Plaintiff had an adequate ability to interact appropriately with co-workers and supervisors. (Tr. 394) The ALJ also noted the infrequency of mental health treatment being rendered to Plaintiff, with a lack of crisis interventions or involuntary commitment. (Tr. 21) And the ALJ noted that Plaintiff's mental health was amenable to treatment when he felt motivated to seek it. (Tr. 21) Given this medical evidence, the ALJ believed Plaintiff to be

-8-

exaggerating his condition and its limitations.  This was within the ALJ's prerogative to so determine, given that such a conclusion can be supported by the case record.

And while financial assistance derived from receiving benefits can be said to be a motivation in many cases, *Ramirez*, 292 F.3d at 582 n.4, it was not improper for the ALJ, in assessing Plaintiff's credibility, to specifically remark that other family members receive benefits.  This was but one factor in the ALJ's consideration of credibility.  And factually, the statement is correct.  Plaintiff had previously received benefits, and testified that his mother, father, and two brothers were then receiving disability benefits. (Tr. 391) Plaintiff's mother also testified at hearing.  In weighing her testimony, ALJ Chwalibog noted that Plaintiff's mother, in connection with his prior application, had made statements to a psychologist that suggested she was benefit-seeking. (Tr. 224-25, 237-39).  Thus, given the lack of medical evidence to corroborate his subjective complaints, and his familial circumstances where several immediate family members were receiving and he too had previously been receiving benefits, the ALJ's conclusion that his testimony was exaggerated and his credibility poor will not be discarded lightly, as it cannot be said that it was unreasonable for the ALJ to so deduce and infer from the evidentiary record before him.

In sum, the ALJ reviewed all of the medical and other records before him and determined that Plaintiff's credibility was poor when compared to that evidence.  As there is substantial evidence to support the ALJ's finding that Plaintiff's medically determinable impairments and the limitations therefrom do not "disable" him from substantial gainful employment under Social Security law, the ALJ's decision will be affirmed.

### III.  CONCLUSION

-9-

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #12) is hereby **GRANTED.**

A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

Dated this 28th day of March, 2007.



**Signed By:**

**David L. Bunning**      *DB*

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-06-33-Slone.MOO.wpd

-10-